# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **ALEXANDER LAW, P.A.,** | **Civil Action No:** |
| v. | **3:18-cv-00425-DPJ-FKB** |
| **SENTINEL INSURANCE COMPANY, LIMITED; THE HARTFORD FINANCIAL SERVICES GROUP, INC; AND DOE DEFENDANTS 1 – 10.** | *Removed from the Circuit Court of Hinds County, Mississippi* *Case. No. 18-284* |

## THE HARTFORD FINANCIAL SERVICES GROUP, INC.'S MOTION TO DISMISS

COMES NOW Defendant The Hartford Financial Services Group, Inc. (hereinafter "HFSG") and moves the Court to dismiss the claims asserted by Plaintiff Alexander Law, P.A. ("Alexander Law" or "Plaintiff") against HFSG pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). As grounds, HFSG shows that this Court lacks personal jurisdiction over HFSG and Plaintiff's Complaint fails to state a claim upon which relief can be granted:

**I.   BACKGROUND**

Plaintiff filed this lawsuit on May 23, 2018 in the Circuit Court of Hinds County, Mississippi, as case number 25CI1:18-cv-00284-WLK alleging the following counts against Defendants: (I) Declaratory Judgment; (II) Breach of Contract; and (III) Bad Faith Refusal to Pay Insurance Claims and Failure to Investigate. A true and correct copy of the Complaint is contained in Exhibit A to Defendant Sentinel Insurance Company, LTD's Notice of Removal. (Doc. 1).

Plaintiff alleges its property was vandalized on or around January 25, 2018, and that it incurred property damage, including, but not limited to: destruction of the door and lock for

entry; destruction of the electrical panel that houses all electricity in the building; disabling and destruction of the ADT alarm system and sensors; destruction of all ceiling tiles and grids for lighting fixtures; removal of faucets in the bathroom and kitchen; damage to sinks in bathroom and kitchen; damage to flooring in building; damage to the walls, which includes outlet stripping; damage to the roof with puncture to the ceiling; and likely complete destruction of the HVAC and duct-work. (Complaint, ¶ 19).

Plaintiff's Complaint does not contain any specific factual allegations against HFSG. Moreover, the Complaint alleges, incorrectly, that "Defendants Sentinel Insurance Company, Limited *and The Hartford Financial Services Group, Inc.* . . . . issued a Business Owners policy to Alexander Law, P.A. . . . ." (Complaint, ¶ 9) (emphasis added). Plaintiff alleges no independent acts of HFSG and offers no basis for any claim against HFSG.

HFSG is a Delaware domestic corporation with its principal place of business in Hartford, Connecticut. (Doc. 1-2 ¶ 2). HFSG is a holding company for a group of subsidiaries that provide property and casualty insurance, group benefits and mutual funds to individual and business customers. (Affidavit of Ronald S. Apter attached hereto as Exhibit A, ¶ 2). HFSG discloses its corporate structure and activities through required filings with the Securities and Exchange Commission. A copy of HFSG's current Form 10-K is available at https://www.sec.gov/edgar/searchedgar/companysearch.html.[1]

HFSG is not an insurance company and it does not sell, write, or issue primary or excess insurance policies in Mississippi or any other state. Ex. A, ¶ 3. HFSG is not involved in handling, investigating, adjusting, or determining coverage under insurance policies issued by Sentinel. Ex. A, ¶ 4.

---

[1] HFSG's Form 10-K is also subject to judicial notice pursuant to Fed. R. Evid. 201(b)(2). *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-77 (11th Cir. 1999).

HFSG did not issue the insurance policy in this case. (Doc. 1-2, ¶ 4; Ex. A, ¶ 3). Plaintiff's Policy was issued by Sentinel Insurance Company, LTD ("Sentinel") (Doc. 1-2, ¶ 4). The fact that Sentinel issued the Policy likewise is clear on the face of Exhibit A to Plaintiff's Complaint. HFSG had no involvement in reviewing, investigating, or adjusting Alexander Law, P.A.'s claim. Ex. A, ¶ 5.

HFSG does not conduct business in Mississippi. HFSG does not have a registered agent in the State of Mississippi. It is not registered with the Mississippi Secretary of State.[2] HFSG has had no contact with the State of Mississippi concerning the Plaintiff's claims. Plaintiff cannot establish personal jurisdiction over HFSG in this Court, and the Complaint should therefore be dismissed pursuant to Rule 12(b)(2). Moreover, Plaintiff fails to state a single valid cause of action against HFSG under Mississippi law. Thus, its claims must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## II. HFSG IS ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2).

The Court should dismiss HFSG from this case for lack of personal jurisdiction. "Whether a Court has personal jurisdiction over a defendant is a question of law." *In re Chinese Manufactured Drywall Products Liab. Litig.*, 753 F. 3d 521, 529 (5th Cir. 2014). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing facts sufficient to make a prima facie case of jurisdiction over the

---

[2] HFSG requests the Court to take judicial notice of the Mississippi Secretary of State website pursuant to Federal Rule of Evidence 201. Rule 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Windol v. Auror Flight Sciences Corp.*, 805 F. 3d 516, 519 (5th Cir. 2015). This Court should take judicial notice of HFSG's absence on the Secretary's list of registered businesses as evidence of that fact. *See* Miss. Sec'y of State, Registered Business Entities Through June 29, 2018, *available at* https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx?#clear=1 (last visited June 29, 2018).

nonresident defendant. *Dontos v. Vendomation NZ Ltd.*, 582 Fed. Appx. 338, 342 (5th Cir. 2014) (citing *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006)).

In a diversity action, a federal court may exercise jurisdiction over a nonresident defendant only to the extent permitted by state law. *Dontos*, 582 Fed. Appx. at 342 (citing *Allred v. Moore & Peterson*, 117 F. 3d 278, 281 (5th Cir. 1997)). A state court's jurisdiction is limited by (1) the forum state's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment. *Dontos*, 582 Fed. Appx. at 342. The Mississippi long-arm statute, Miss. Code Ann. § 13-3-57[3], allows Mississippi courts to exercise personal jurisdiction to the extent allowed by the Due Process Clause. *Elmore v. Acre Beyond the Rye*, No. 3:16cv296-HSO-JCG, 2017 WL 3754675, at *4 (S.D. Miss. Aug. 29, 2017). Thus, the Court's sole inquiry here is whether the exercise of jurisdiction over HFSG would violate due process. *Id.*

### A. The Exercise of Personal Jurisdiction Must Satisfy Due Process.

To satisfy federal due process requirements, a plaintiff must establish: (1) that the nonresident defendant purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) that the exercise of jurisdiction over the nonresident defendant would not offend "traditional notions of fair play and substantial justice." *Elmore*, 2017 WL 3754675, at *4 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement provides that a nonresident defendant "will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations and punctuation omitted). As discussed

---

[3] "Mississippi courts interpret this statute as authorizing 'three activities' which will permit Mississippi courts to exercise personal jurisdiction over a nonresident defendant: '(1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or, (3) is conducting business in Mississippi.'" *Elmore v. Acre Beyond the Rye*, 2017 WL 3754675, at *4 (quoting *Dunn v. Yager*, 58 So. 3d 1171, 1184 (Miss. 2011)).

below, the Plaintiff cannot prove HFSG purposefully availed itself in the State of Mississippi and subjecting HFSG to the jurisdiction of this Court would offend traditional notions of fair play and substantial justice.

### B. Plaintiff cannot establish specific or general jurisdiction over HFSG.

Minimum contacts may give rise to specific or general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). To exercise specific jurisdiction over a nonresident defendant, the claim asserted against the defendant must arise out of or directly relate to its contacts with the forum state. *Id.* at n.8. The question of whether a forum state can constitutionally assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore,* 134 S.Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984), quoting in turn *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)). For specific jurisdiction to exist, the defendant's in-state activity must "g[i]ve rise to the episode-in-suit," *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 923 (2011), and involve "adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear,* 564 U.S. at 919 (quotation omitted). If a state is to exercise jurisdiction consistent with due process, "the defendant's *suit-related* conduct *must* create a substantial connection with the forum State." *Walden,* 134 S.Ct. at 1121 (emphasis added).

General jurisdiction requires substantial, continuous, and systematic contacts by the nonresident defendant in the forum state. *Hall,* 466 U.S. at 416. "Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014) (quoting *Goodyear,* 131 S.Ct. at 2853-54). The inquiry as to general jurisdiction is whether the defendant's contacts with Mississippi are so

"continuous and systematic" that it is essentially "at home" here. *Elmore*, 2017 WL 3754675, at *4 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984)). *"With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for **general** jurisdiction.'"* *Daimler*, 134 S.Ct. at 760 (emphasis added).

HFSG is incorporated in Delaware and its principal place of business is located in Connecticut. It is not registered to do business in Mississippi and does not have a registered agent for service of process in the State of Mississippi. A corporation, such as HFSG, does not do business in a State merely by the presence of its wholly-owned subsidiary, and the subsidiary's activities cannot be attributed to HFSG for jurisdictional purposes. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F. 3d 208, 219 (5th Cir. 2000) (holding that subsidiaries activities could not be attributed to holding company for purposes of asserting jurisdiction over holding company); *Lakota Girl Scout Council Inc. v. Harvey Fundraising Mgmt., Inc.*, 519 F.2d 634, 637 (8th Cir. 1975); *Hanback v. GGNSC Southaven*, No. 3:13–CV–00288–MPM–SAA, 2014 WL 3530613, *7-8 (N.D. Miss. July 15, 2014). Neither specific jurisdiction nor general jurisdiction over HFSG exists in this case.

Moreover, even though Plaintiff cannot establish requisite minimum contacts to support personal jurisdiction, exercising jurisdiction over HFSG in this matter would violate basic constitutional principles of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For each of the reasons set forth above, the Court should grant HFSG's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### III. HFSG IS ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

The Complaint contains the following counts: (I) Declaratory Judgment; (II) Breach of Contract; and (III) Bad Faith Refusal to Pay Insurance Claims and Failure to Investigate. (*See* Compl.). Each count fails to state a claim against HFSG and is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The first element required in order for Plaintiff to establish a breach of contract claim is the existence of a valid contract binding the parties. *Idom v. Natchez-Adams School Dist.*, 115 F. Supp. 3d 792, 805 (S.D. Miss. 2015). There is no valid, binding contract between the Plaintiff and HFSG. Likewise, the initial element of the tort of bad faith is an insurance contract between the parties and a breach thereof by the defendant. *See, e.g., Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 847 (Miss. 1984). Because HFSG is not a party to the insurance contract between Sentinel and Plaintiff, the Complaint for breach of contract and bad faith fails to state a claim against HFSG and therefore, must be dismissed. *See, e.g., The Church Triuphant v. Morrison Street*, No. 3:10cv592–DPJ–FKB, 2011 WL 679317, at *2 (S.D. Miss. Feb. 16, 2011) (holding nonparty to contract could not be held liable for breach of contract); *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 777 (S.D. Miss. 2006) (same).

The mere fact that HFSG is the parent corporation of the insurance company that wrote the Policy is insufficient to create a cause of action. Mississippi courts hold that even where a subsidiary or parent corporation owns all of the stock of a subsidiary corporation, the subsidiary or parent corporation is not liable for the acts of its subsidiary corporation as a result of its ownership interest, and such position would "substantially alter Mississippi law." *Isle of Capri Casino, Inc. v. Silver Land, Inc.*, 132 So.3d 588, 597 (Miss. App. Ct. 2013); *Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005).

In order to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff's Complaint against HFSG fails to do so. Even under the Mississippi Rule 12(b)(6) standard, Plaintiff's Complaint fails to state a claim against HFSG upon which relief can be granted. Taking the allegations of the Complaint most strongly in favor of the Plaintiff, it cannot prove any set of facts that would entitle it to relief for breach of contract or bad faith against HFSG, a nonparty to the insurance policy. To the extent Plaintiff has legally cognizable claims for breach of contract and bad faith under the circumstances alleged in the Complaint at all, those claims can only be brought against Sentinel – the insurer that issued the Policy.

Last, because there is no justifiable case or controversy against HFSG, Plaintiff's declaratory judgment claim fails and must be dismissed as a matter of law. *See Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 400-01(5th Cir. 2011); *Greene v. Indymac Bank, FSB*, No. 3:12cv347–DPJ–FKB, 2012 WL 5414097, at *5-6 (S.D. Miss. Nov. 6, 2012). Because Plaintiff failed to state a claim as to its substantive claims, its declaratory judgment claim does not present any substantial controversy. *Greene*, 2012 WL 5414097, at *5-6. Therefore, Plaintiff's declaratory judgment claim must also be dismissed as a matter of law.

WHEREFORE, Defendant The Hartford Financial Services Group, Inc. respectfully moves the Court to dismiss Plaintiff's Complaint against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

Respectfully submitted this the 6th day of July, 2018.

/s/ *M. Jansen Voss*

MS Bar No.: 104385
Attorney for Defendant
The Hartford Financial Services Group, Inc.

OF COUNSEL:

**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
mjvoss@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6th, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record:

Thomas J. Bellinder, Esq.
BELLINDER LAW FIRM
Pinnacle at Jackson Place
190 E. Capitol Street, Suite 460
Jackson MS  39201
Email:   Thomas.bellinder@bellinderlawfirm.com

/s/ *M. Jansen Voss*
OF COUNSEL